[No. 34432.    Department Two.    May 15, 1958.]

H. Joel Watkins, *as Receiver, Respondent,* v. C. W. Sweeney *et al., Appellants.*[1]

[1]Reported in 325 P. (2d) 727.

*Franco & Benssussen,* for appellants.

*Charles S. Wheeler,* for respondent.

DONWORTH, J.—This is the second action to come before this court involving the receivership of Northern Manufacturing Company, Inc. (hereinafter called "Northern"), a corporation engaged in manufacturing electrically operated hot water heaters. The first action was commenced by the present respondent (receiver) for the purpose of recovering alleged preferential payments made by the insolvent Northern to a copartnership, Thrifty Supply Company (hereinafter called "Thrifty"), comprised of the present appellant Gorlick, and others. On appeal, the judgment of the trial court dismissing that action was reversed, and the cause was remanded for a new trial. *Watkins v. Gorlick, ante* p. 95, 323 P. (2d) 649 (1958).

This action was commenced by respondent for the purpose of having declared a nullity a certain chattel mortgage, executed by Northern, covering substantially all of its operating equipment. This mortgage was given as security for a three-thousand-dollar promissory note executed on behalf of the corporation by its president.

The complaint alleged facts supporting two causes of action: (1) that, since appellants together owned two thirds of the outstanding stock of Northern, and since appellant Gorlick was a partner in Thrifty, which purchased most of the hot water heaters manufactured by Northern, and controlled the disposition of the proceeds of the mortgage loan made while Northern was hopelessly insolvent, appellants' acts regarding the mortgage loan were done in bad faith, for their own personal advantage, and to the detriment of the creditors; and (2) that each appellant received two hundred fifty dollars in partial repayment of the mortgage loan within four months prior to the appointment of respondent as receiver of Northern under circum-

stances which made these payments unlawful preferences under RCW 23.48.010 and 23.48.030.

Appellants' answer denied the principal allegations of the complaint (except their stock ownership in Northern and the making of the mortgage loan), and contained a cross-complaint in which they sought foreclosure of the chattel mortgage. Respondent's reply admitted the execution of the note and mortgage, but denied that appellants were entitled to a foreclosure.

The basic facts as to the relationship between appellants and Northern and Thrifty are not seriously in dispute. Indeed, much of the evidence consisted of written instruments which were admitted in evidence without objection. The situation of the parties at the time the mortgage loan was made by appellants may be briefly described as follows:

At all times material to the present case, appellant Gorlick was the manager of Thrifty. Appellants have not assigned error to the third finding of fact entered by the trial court, which reads:

"That in truth and fact, the affairs and policies of the Northern Manufacturing Company, Inc., were at all times managed and/or dictated by H. Harold Gorlick. The elected directors and officers other than himself were for all purposes such in name only."

During the fall of 1955, Northern was in financial distress. Thrifty was at that time, and throughout the corporate existence of Northern, the principal customer of Northern's. Being itself unable to procure, on credit, materials necessary in the process of its manufacturing, Northern was obliged to purchase such materials from Thrifty at prices which included Thrifty's handling charges.

On November 7, 1955, the stockholders of Northern consisted of three persons, each of whom owned one third of all issued and outstanding capital stock. Two of these persons are appellants. At a meeting of the stockholders held on that date, it was unanimously agreed that Northern would borrow three thousand dollars from appellants. The

president was directed to execute a note and chattel mortgage upon receipt of a check in that amount.

On November 11, 1955, appellant Sweeney executed and delivered his check for fifteen hundred dollars, payable to appellant Gorlick. On that date, the promissory note and chattel mortgage hereinabove mentioned were executed by Northern.

Thereafter, on November 14, 1955, the promissory note and mortgage were delivered to appellant Gorlick, and a check for three thousand dollars, drawn on the checking account of Thrifty in favor of Northern, was delivered to Northern's secretary-treasurer. He in turn delivered it to one Drebin (the full-time office manager of Thrifty who was also employed as part-time bookkeeper for Northern). Only Drebin had authority to sign checks on Northern's bank account. He endorsed this check on behalf of Northern, and used the proceeds thereof to procure six bank cashier's checks for five hundred dollars each, payable to Northern, which he retained in his desk at the office of Thrifty. In accordance with appellant Gorlick's instructions, Drebin thereafter deposited each of the five-hundred-dollar checks, one at a time on successive occasions (on one occasion, two such checks), in Northern's checking account for the purpose of covering certain outstanding checks issued by Northern almost simultaneously with each deposit. Approximately three fourths of the money so deposited was paid to Thrifty in this manner for materials purchased by Northern.

The trial court found "That no consideration was in fact received for said note or mortgage by the corporation," and concluded that the series of five-hundred-dollar deposits in the Northern's bank account were actually unsecured loans made by appellant Gorlick to Northern. Judgment, declaring the promissory note and mortgage canceled and held for naught, was entered accordingly.

Appellants' first, sixth, and seventh assignments of error are argued together. In these, appellants contend that the evidence preponderates against findings of fact Nos. 6 and

7, entered by the trial court, and in favor of appellants' proposed finding of fact No. 7, which was rejected by the trial court. Finding of fact No. 6 contains the statement, above quoted, establishing lack of consideration for the note and mortgage. Finding of fact No. 7 is a long recitation of facts concerning the events surrounding the delivery of Thrifty's three-thousand-dollar check to Drebin, his simultaneous employment by both companies, and his disposition of the proceeds in the manner described above pursuant to the orders of appellant Gorlick.

Although our attention has been directed to certain places in the statement of facts which indicate that Thrifty's three-thousand-dollar check was delivered into the hands of the secretary-treasurer of the corporation, the evidence, as a whole, convinced the trial court that the three-thousand-dollar proceeds of the mortgage loan, which the corporate stockholders contemplated that Northern would receive as consideration for the corporate note and mortgage, never, in fact, reached the corporation.

■■ Since error is not assigned to the third finding of fact, above quoted, the matters therein related must be accepted as verities. Because appellant Gorlick was, in fact, the manager of Northern, and the officers thereof were nothing more than figureheads, subservient to his will, he was able to retain control of the three thousand dollars, even though that money was momentarily in the hands of Northern's secretary-treasurer. The latter immediately turned the check over to Drebin, who was at all times subservient to appellant Gorlick, both as an employee of Northern's and of Thrifty's. The manner of the subsequent disposition of the proceeds of the mortgage loan tends to negate any unconditional delivery of them to Northern, and affirmatively evidences the control which appellant Gorlick, through his agents, was capable of exercising over these funds after the purported delivery thereof. The evidence does not preponderate against the findings referred to above. Hence, they will not be disturbed.

■ Appellants' proposed finding of fact No. 7 recites, in part:

" . . . that the corporation received $3,000.00 from H. Harold Gorlick and C. W. Sweeney on November 11, 1955."

The evidence shows that, on November 11, 1955, Sweeney delivered his check for fifteen hundred dollars, payable to Gorlick. Gorlick's check for three thousand dollars was drawn on the Thrifty checking account November 14, 1955. This proposed finding is not substantiated. Rather, it is controverted by uncontradicted documentary evidence. For that reason, the trial court did not err in rejecting it.

■ Appellants contend that the issue of "failure of consideration" was not within the pleadings or the proof. This argument is untenable for two reasons. First, in their answer and cross-complaint, appellants alleged, in part:

"That on or about the 11th day of November, 1955, Northern Manufacturing Co., *in consideration of a loan of $3,000.00 in cash,* did execute to defendant [appellants] . . . its promissory note . . . " (Italics ours.)

This allegation was denied by respondent in his reply. The issue of consideration was thus before the court on the pleadings. And second, the evidence showing that the corporation failed to receive the three thousand dollars in cash, for which the mortgage was given, was admitted without objection. The pleadings will, therefore, be deemed amended to conform to the proof. *Krenov v. West Coast Life Ins. Co.,* 48 Wn. (2d) 180, 292 P. (2d) 209 (1956).

The second through fifth assignments of error made by appellants relate to certain proposed findings of fact which assume the validity of the mortgage. Because, as the trial court held, the mortgage failed for lack of consideration, these assignments need not be considered.

■ A review of the evidence in support of the findings of fact entered, convinces us that the trial court did not err in deciding the case as it did. We find no merit in appellants' remaining assignments of error.

We note that respondent contends that the chattel mort-

gage is invalid upon either of two additional grounds. He contends that this was a "bad faith" transaction, and that, in any event, the chattel mortgage upon substantially all of Northern's corporate assets was void, since it was not authorized by the corporate board of directors. We have preferred to rest our decision upon the principal ground relied upon by the trial court, and express no opinion in regard to the other two contentions advanced by respondent.

Judgment affirmed.

HILL, C. J., WEAVER, ROSELLINI, and FOSTER, concur.